UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CRESTWOOD TECHNOLOGY GROUP CORP., :
: Civil Action No:
           Plaintiff, :
:
: **AFFIDAVIT OF MICHAEL BOYD**
      v. : **IN SUPPORT OF PLAINTIFF'S**
: **MOTION FOR A PRELIMINARY**
: **INJUNCTION**
PATRICK DUNN, :
           Defendant :
-------------------------------------------------------------x

STATE OF NEW YORK    )
                          ) ss
COUNTY OF WESTCHETSER    )

        MICHAEL BOYD, having been first duly sworn, deposes and says the following:

        1.    I have been employed by Crestwood Technology Group Corp. ("CTG") since September 2002. I am currently the Executive Vice President, Chief Sales Officer. I submit this affidavit in support of Plaintiff's motion for a preliminary injunction and I have personal knowledge of all the facts set forth in this affidavit.

        2.    CTG distributes electronic components, electromechanical parts, military, commercial aviation parts and services, and aerospace parts, and hardware parts. It offers, among other things, active and passive components, converters, capacitors, circuit breakers, connectors, couplers/attenuators, crystals, diodes, discrete semiconductors and electromechanical products, filters, fuses, interconnects, inductors, and integrated circuits. In addition to these services, CTG also deals with consignment inventory and excess inventory. It serves the U.S. military, aerospace and defense, commercial aviation, biotechnology, telecommunications, medical,

marine, commercial, and industrial manufacturing industries. CTG was founded in 2001 and is based in Yonkers, New York. It has fewer than 100 employees.

3. Due to its business with various United States governmental agencies and other governmental contractors, certain CTG employees may be required to be cleared to work on certain government contracts or facilities.

4. Patrick Dunn reported directly to me when he was a CTG employee.

5. Due to the sensitive nature of CTG's business, the Company goes through great lengths to secure its trade secrets and other confidential information. First, CTG provides yearly ethics training, training to ensure confidentiality of its customers, their preferences, pricing, previous orders and other information regarding its clients. This information is not known to the general public, not listed anywhere and is confidential and proprietary information. Mr. Dunn has attended numerous training sessions. Second, Mr. Dunn was specifically informed that he could not forward confidential customer information to non-secured servers, e-mail accounts. Third, since Mr. Dunn worked closely with CTG's clients, was well paid and CTG paid business expenses in so Mr. Dunn could cultivate these relationships with CTG clients, Mr. Dunn agreed to be bound by a confidentiality agreement keeping all CTG information confidential and also agreed to not solicit any of CTG's customers that he had contact and dealings with.

6. On or about September 20, 2017, Nick Sparaco informed me that Mr. Dunn had taken e-mails containing client contacts, preferences and had them emailed to his own private e-mail account. This is in direct violation of CTG's protocols, policies and training. In examining the e-mails that Mr. Dunn took, they all involved client information for CTG's important clients, with revenues exceeding five million dollars. Since Mr. Dunn reported to me,

I knew which clients he was currently handling and seeing. The information that he took was either from active customers of the company or targeted customers of the company; in which he was not directly involved with the customer and thus, there was no need for him to have this information.

7. On or about September 20, 2017, I discovered that Mr. Dunn had moved to Maryland. Upon information and belief, Mr. Dunn stole CTG's client lists and other information and was going to work with and/or provide this confidential information to his son, Scott Dunn, who has a company in Maryland called Beltway Electronics Company, Inc., which is a direct competitor with CTG.

8. Mr. Dunn's employment was terminated with cause. Thereafter, CTG at various times requested that Mr. Dunn return the information or delete the information but Mr. Dunn has failed to do so.

9. Without a court injunction, CTG would be irreparably harmed. Its customer lists, preferences, pricing and other information, which is not known to the public, would benefit a competitor. Mr. Dunn could also contact CTG customers which he was introduced while employed by CTG and have them do business with another entity.

I have read the foregoing paragraphs and I swear that they are true and accurate and I acknowledge that I am subject to punishment if willfully false.

_____
MICHAEL BOYD

Sworn to me before this
26th day of October 2017

_____
Notary Public

LEILAN S ROBINSON
Notary Public, State of New York
No. 01RO6255289
Qualified in Westchester County
Commission Expires February 6, 2020