# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CRESTWOOD TECHNOLOGY
GROUP CORPORATION

      Plaintiff

v.

PATRICK DUNN

      Defendant

Civil case No.: 7:17-cv-08283

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER OF DEFENDANT PATRICK DUNN TO COMPLAINT; PRAYER FOR RELIEF; AFFIRMATIVE DEFENSES; AND JURY DEMAND

Now comes Defendant, Patrick Dunn, **PRO SE**, and states the following as an answer to The Plaintiffs' complaint:

1-3.    Admit.

4.    Admit, except deny the amount in controversy exceeds $75,000.00.

5.    Deny.

6.    Deny.

7.    Admit.

8.    Deny. The Defendant was never required to be "cleared" to work on certain Government contracts with the Navy; nor was he aware of anyone else during his tenure with CTG that was either.

9.    Deny, except that defendat did sign a non-compete agreement and is not in violation of same, and is presently unemployed.

10.    Deny. All CTG emails referred to in the Complaint on the Defendant's G-mail account were used in good faith for Plaintiff's business purposes.

11.    Admit.

12.     Admit that he signed the agreement but denies the characterization that the work was "highly sensitive."   See paragraph 8 of the answer, as if fully set herein.

13.     Defendant lacks sufficient knowledge to form a belief about the truth of the Plaintiff's amounts claimed; but admits a significant part of his job was to visit customers which  included extensive travel.

14.     Deny.  This paragraph has nothing to do with the allegations made in the complaint, and is included by the Plaintiff to somehow impugn the Plaintiff's integrity over an issue that was resolved in the Plaintiff's favor.    CTG placed the Defendant on paid administrative leave from March thru June 2017 pending the Navy's investigation of an alleged incident of "subpar shipment of parts" in 2008, prior to Defendant's employment with CTG. This is common practice with the Navy. The Navy was simply doing their due diligence and after a thorough investigation with full cooperation by the Defendant, he was completely vindicated.

15.     Deny.  The 37 emails were attached to an email from Defendant's account for convenience and forwarded to CTG's CEO Joe Mancino, for performance related review without any malice involved.  These attached emails were subsequently deleted within 72 hours per the direction of  CTG's legal counsel.  Defendant was well aware of the forensic IT monitoring of emails, by CTG. All incoming calls we taped, all computers were monitored and all company cell phones were forensically inspected by an outside company.

16.     Defendant lacks sufficient knowledge to form a belief about the truth of defendants allegations.

17.     Deny.  The 22 emails were sales and marketing research information forwarded to his CTG computer in order to accomplish his job goals.  Which was to facilitate the movement

of goods and services to the government/industrial customer base, thus growing sales.
Defendant's responsibility was to coordinate the sales of and marketing efforts of 25 to 30 sales
persons; and in doing so it was his common practice to reference archived emails for discussion
with the sales force relating to strategies and performance.

18.     Deny.  The emails referred to on September 15th, and 8th were again forwarded to
his **CTG computer** in the ordinary course of business for marketing purposes as explained in
Paragraph 17 of this answer, as if fully set herein.  The 37 Emails referred to on September 19,
2017 were already addressed in paragraph 15 of this answer, as if fully set herein.

19.     Deny.  Defendant lacks sufficient knowledge to form a belief about the truth of
Plaintiff's  allegations as to "revenues of 5 million dollars."  The Defendant's job mandate was
to be  involved with every customer that represented revenue to CTG.  Prior to becoming a full
time employee, he was brought on in 2013 as a consultant to do just that.

20.     Deny.  Except that Defendant informed CTG, CEO, Joe Mancino by email on
September 20, 2017, that he was moving to Maryland for financial reasons and would commute
and/or stay in hotel which is common practice for other CTG management.  During his first year
as a consultant in 2013, Defendant resided in Maryland and did just that.  Mr. Mancino
immediately text the Plaintiff that this was not acceptable. (Text Messages and emails available
to corroborate same.)

On September 21, 2017, Human Resources emailed the Defendant informing him that he
was terminated for failing to submit daily reports and for forwarding the aforementioned 37
emails to his g-mail account on September 19th; without mentioning his moving to Maryland or
the fact that the CEO made it crystal clear that was unacceptable.  None of the emails referred to
in this Answer and the Compliant were "client lists."  They were emails from different clients,

and salespeople depicting Defendant's activity and performance for CEO's review. The emails were redlined with the Plaintiff's comments. (Plaintiff has these emails and they are not "client list.")

Beltway Electronics, Inc. is not a "direct competitor" of CTG. It is a supplier of product to CTG and similar companies. The Plaintiff had no intention to work for Beltway. There is no evidence that any CTG customers went anywhere else as a direct result of anything the Defendant did or didn't do. None of the emails were "client lists." They were customer correspondence. They were sent to the CEO to show Defendant's performance. The allegation that Mr. Dunn "stole" anything is frivolous and malicious. The Plaintiff's allegations are "Based upon information and belief," is but paranoid speculation.

21.   Deny. This paragraph has nothing to do with the allegations made in the complaint. See paragraph 20 of this Answer, as if fully set herein.

22.   Deny. The phone number (443-253-9669) was Defendant's prior to his employment with CTG. Mr. Dunn has had this phone number for over 17 years. CTG's phone was broken two years ago. Defendant bought a new one with his own money.

23.   Deny. Except that the company phone which was tied to the CTG VPN (Samsung) was returned approximatley10 days after his termination to the Human Resources Department. An e-mail from Human Resources employee, Patrick Dove, confirms receipt of the phone, along with the laptop and FOB.

24.   Deny. Except that everything that was CTG's was returned. (Lap top, phone, and FOB electronic key.) No e-mails, trade secrets or other property was ever taken by the Defendant.

25.   Deny. See paragraph 24 of this Answer, as if set fully herein.

26.     Deny.  See paragraph 24 of this Answer, as if set fully herein.

27.     Deny.  The complaint is based on Plaintiff's erroneous "belief and information."  Defendant denies he "stole" anything.  The entire complaint is based on speculation and paranoia.  There is not a scintilla of evidence that the Defendant misappropriated and/or influenced any CTG customers to leave CTG to the benefit of the Defendant.  There is nothing to enjoin the Defendant from doing.  The complaint is malicious, frivolous, groundless and vindictive.  It lacks legal merit, and has little to no chance of being won.   The matter is not justiciable, ripe and is moot.

**Count I**
**Injunctive Relief**

28.     Deny.

29.     Deny.  See paragraph 27 of this Answer, as if set fully herein.

30.     Deny.   See paragraph 27 of this Answer, as if set fully herein.

31.     Deny.   See paragraph 27 of this Answer, as if set fully herein.

**Count II**
**Breach of Contract**

32.     Deny.

33.     Deny.   There is not a scintilla of evidence that the defendant is soliciting CTG customers and/ or breached any contract.   See paragraph 27 of this Answer.

34.     Deny.

35.     Deny.

36.     Deny.  See paragraph 27 of this Answer, as if set fully herein.

37.     Deny.  See paragraph 27 of this Answer, as if set fully herein.

**Count III**
**Misappropriation of Trade Secrets**

38.   Deny.

39.   Deny.
40.   Deny.   See paragraph 20 of this Answer, as if set fully herein.
41.   Admit.
42.   Deny.

43.   Deny.   See paragraph 27 of this Answer, as if set fully herein.

## Count IV
### Violation of the Defend Trade Secrets Act of 1026

44.   Deny.

45.   Deny.   See paragraph 27 of this Answer, as if set fully herein.

46.   Deny.   See paragraph 27 of this Answer, as if set fully herein.

47.   Deny.   Defendant is unemployed.   See paragraph 27 of this Answer, as if set
fully herein.

48.   Deny.   See paragraph 27 of this Answer, as if set fully herein.

## Count V
### Violation of the Computer Fraud and Abuse Act.

49    Deny.

50.   Deny.

51.   Deny.

52.   Deny

## Count VI
### Unfair Competition

53.   Deny.

54.   Deny.

55.   Deny.

## Count VII
### Conversion/Theft

56.     Deny.

57.     Deny.

58.     Deny.

59.     Deny.

### Answer to Prayer for Relief

80.     Denies that the Plaintiff is entitled to any relief requested in the Complaint or to any relief whatsoever.

**Wherefore,** having answered the Plaintiffs' complaint, the Secretary raises the following defenses, including affirmative defenses.

### Affirmative Defenses:

1.      The Complaint states no claim upon which relief can be granted.

2.      Plaintiff has suffered no damages or injury by the Defendant.

3.      The Plaintiff has suffered no harm and/or irreparable harm by the Defendant.

4.      The Defendant denies he has converted any property belonging to the Plaintiff

5.      The Plaintiff's Complaint is barred as unconscionable.

6.      The Plaintiff's Complaint is barred as malicious, frivolous and vindictive. It lacks legal merit, and has little to no chance of being won.

7.      The matter is not justiciable, ripe and is moot.

8.      The Court lacks subject matter jurisdiction over the Defendant's complaint.

9.      The court lack personal jurisdiction over the Defendant due to insufficient service of process.

10.     The Defendant has never solicited CTG's customers after his termination.

11.     The Defendant reserves the right to add additional defenses, including affirmative

defenses, as discovery proceeds in this case.

**WHEREFORE,** having answered the Plaintiffs' complaint, the Defendant requests the following:

1. The Complaint against the Defendant be dismissed with prejudice;

2. The Defendant be awarded his reasonable attorney's fees and costs.

3. Plaintiff be Awarded  Fed. R. Civ. P. 11(b); Rule 11 sanctions.

4. That the Defendant be awarded such further relief as the nature of this use may require.

Respectfully submitted,

Patrick Dunn
22 Goucherwood Court
Towson, MD 21286
443-253-9669
oriolespkd@gmail.com
**Defendant Pro Se**

## Jury Demand

Defendant hereby respectfully makes a demand for trial by a jury of his peers.

Patrick Dunn

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this 30th  day of November 2017, a copy of the foregoing Answer to Defendant's Complaint and Jury Demand was mailed postage prepaid to the following:

George F. Brenlla, Esq.
90 Park Ave., 17th Floor
New York, New York, 10016
212-364-5173

Patrick Dunn