IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CRESTWOOD TECHNOLOGY  \*
GROUP CORPORATION

    Plaintiff
    v.                                 \*        Civil case No.: 7:17-cv-08283

PATRICK DUNN                    \*

    Defendant                  \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT, PATRICK DUNN'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 11

Now comes Defendant, Patrick Dunn, **PRO SE**, hereby move this Court for entry of an Order of sanctions against Plaintiff, pursuant to Fed. R. Civ. P. 11, and in support thereof, state as follows:

*Introduction:*

When Mr. Dunn, Defendant was fired for nefarious reasons, he returned everything to CTG and deleted 37 e-mails CTG's attorneys requested. He never gave it a second thought and was moving on. Two weeks later the Plaintiff files suit against him as if he were some soot of criminal. Defendant was shocked. Since when does the law allow a former employer to file suit against an innocent former employee simply to enforce a non-compete agreement that was not being violated in the first place? Since when does the law allow an employer to cause a former employer emotional distress and great financial cost without any evidence of any wrong doing.

**Pertinent Facts:**

Plaintiff fired the Defendant on September 21, 2017. Plaintiff then filed suit against the Defendant on October 26, 2017 alleging among other things theft of a phone and downloading a client list. (A copy of the Complaint and Answer are incorporated in this motion as if fully set herein.)

The complaint is based on Plaintiff's erroneous "belief and information." Defendant denies he "stole" anything. The entire complaint is based on speculation and paranoia. There is not a scintilla of evidence that the Defendant misappropriated and/or influenced any CTG customers to leave CTG to the benefit of the Defendant. There is nothing to enjoin the Defendant from doing. The complaint is malicious, frivolous, groundless and vindictive. It lacks legal merit, and has little to no chance of being won. The matter is not justiciable, ripe and is moot.

The company phone which was tied to the CTG VPN (Samsung) was returned approximately 10 days after his termination to the Human Resources Department. An e-mail from Human Resources employee, Patrick Dove, confirms receipt of the phone, along with the laptop and FOB.

The Plaintiff alleges that the downloading of some emails to the Defendant's G-mail account were "client lists." The 37 e-mails referred to in the complaint were attached to an e-mail from Defendant's account for convenience and forwarded to CTG's CEO Joe Mancino, for performance related review without any malice involved. These e-mails were subsequently deleted within 72 hours per the direction of CTG's legal counsel from California.

Defendant was well aware of the forensic IT monitoring of emails, cell phones and phone calls by CTG. The Plaintiff, through its IT monitoring, *knows* what was in these e-mails. They were not "client lists." If the Defendant truly had intent to obtain CTG's clients, there are many other ways to have done so without leaving an IT trail.

The other 22 emails referred to in the Complaint were sales and marketing research information forwarded to his **CTG computer** in order to accomplish his job goals. Which was to facilitate the movement of goods and services to the government/industrial customer base, thus growing sales. Defendant's responsibility was to coordinate the sales of and marketing efforts of 25 to 30 sales persons; and in doing so it was his common practice to reference archived emails

for discussion with the sales force relating to strategies and performance. This was done regularly.

The e-mails referred to on September 15th, and 8th were again forwarded to Defendant's **CTG computer** in the ordinary course of business for marketing purposes as previously explained.

Defendant informed CTG, CEO, Joe Mancino by e-mail on September 20, 2017, that he was moving to Maryland for financial reasons and would commute and/or stay in hotel which is common practice for other CTG management. Mr. Mancino immediately text the defendant that this was not acceptable. (E-mails and texts messages corroborating this are in the Plaintiff's possession.)

On September 21, 2017, Human Resources emailed the Defendant, informing him that he was terminated for failing to submit daily reports and for forwarding the aforementioned 37 emails to his g-mail account on September 19th; without mentioning his moving to Maryland. None of the emails referred to in the Answer and the Complaint were "client lists." They were emails from different clients, and salespeople depicting Defendant's activity and performance.

In the Complaint, Plaintiff alleges that the Defendant was going to give CTG customers to Beltway Electronics, Inc. Defendant had no intention to work for Beltway.

There is no evidence that any CTG customers went anywhere else as a direct result of anything the Defendant did or didn't do. None of the e-mails were "client lists." They were customer correspondence. They were sent to the CEO to show Defendant's performance. The allegation that Mr. Dunn "stole" anything is frivolous and malicious. The Plaintiff's allegations are "Based upon information and belief," is but paranoid speculation.

The phone number (443-253-9669) was Defendant's prior to his employment with CTG. Mr. Dunn has had this phone number for over 17 years. CTG's phone was broken two years ago. Defendant bought a new one with his own money. The company phone which was tied to

the CTG VPN (Samsung) was returned approximately 10 days after his termination to the Human Resources Department. An e-mail from Human Resources employee, Patrick Dove, confirms receipt of the phone, along with the laptop and FOB. (Defendant has copies of all correspondence, text messages, and emails corroborating these conversations.)

No e-mails, trade secrets or other property was ever taken by the Defendant. Nor is there any evidence to the contrary.

Notably absent in the Plaintiff's pleadings are the contents of 37 e-mails the Plaintiff complains of. Defendant challenges the Plaintiff to produce a copy of the 37 e-mails in question, which they indeed have, that would constitute a "client list" as they have maliciously alleged. They can not. They were simply correspondence. Plaintiff has copies of all of the e-mails and none of them indicate what they are alleging. This issue is the "whole case." The alleged evidence is in CTG's possession and they don't even produce it. Because there is no case here.

### Legal Argument

This litigation is a preemptive bullying of the Plaintiff, who is concerned that Mr. Dunn may go to work for his son. Mr, Dunn is presently unemployed, and is in compliance with his non-compete agreement with CTG. This litigation is intended to annoy and harass the Defendant.

Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion or other paper to the court without evidentiary support or for "any improper purpose." See Fed. R. Civ. P. Rule 11 (b). An improper purpose may be inferred from the filing of frivolous papers. See In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990). The standard is an objective one; whether a reasonable party would have acted in a particular way. See Chambers v. NASCO Inc., 501 U.S. 32, 47 (1991). "The reasonableness of the conduct involved is to be

viewed at the time counsel or the party signed the document alleged to be the basis of the Rule 11 sanction." Sussman v. Salem, Saxon and Nielsen, P.A., 150 F.R.D. 209, 213 (M.D. Fla. 1993). The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001); see also, Sussman, 150 F.R.D at 213 ("this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management").

There are three types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and (3) when a party files a pleading in bad faith or for improper purpose." Didie v. Howes, 988 F.2d 1097 (11th Cir. 1993) (citations omitted). Rule 11 sanctions are mandatory when a signed paper is submitted to the court under the aforementioned conditions. See Schramek v. Jones, 161 F.R.D. 119, 122 (M.D. Fla. 1995).

## Conclusion

The complaint is without evidentiary support and was filed for "any improper purpose." Not only is there not a scintilla of evidence to support the claim; it was filed for an improper purpose: to preemptively bully the Defendant, by the Plantiff who is concerned that Mr. Dunn may go to work for his son at Beltway Electronics.

**WHEREFORE,** For the foregoing reasons, Defendant respectfully request that this Court enter an Order of sanctions against Plaintiff reasonable attorneys' fees, costs and expenses incurred in responding to the instant action; (b) enjoin Defendant from filing any civil action against Plaintiff based upon any of the legal or factual claims alleged by Defendant in this case (c) enjoin Zuccarini from filing any civil action or otherwise seeking relief against Defendant in

any court without an order from an appropriate federal judicial officer certifying that the claims are not frivolous; and (d) for such other and further relief that this court deems just and proper.

Respectfully submitted,

/s/ Patrick Dunn
Patrick Dunn
22 Goucher Wood Court
Towson, MD 21286
443-253-9669
oriolespkd@gmail.com

**Defendant Pro Se**

## RULE 11(c)(2) CERTIFICATE

Pursuant to Rule 11(c)(2), I hereby certify that on the 30th day of November, 2017, I served bye mail and first class mail, postage prepaid, upon Plaintiff's attorney: George F. Brenlla, Esq., 90 Park Ave., 17th Floor, New York, New York, 10016 a copy of the foregoing Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, together with a letter stating as follows:

Pursuant to Fed. R. Civ. P. 11(c) (2), attached is a service copy of the Fed. R. Civ. P. 11 Motion for Sanctions of Plaintiff CTG ("Motion for Sanctions") which we are providing to you. We demand that Plaintiff dismiss with prejudice Plaintiff's claims against Defendant, Patrick Dunn within 21 days of the date of this letter. If Plaintiff refuses to dismiss Plaintiff's claims against Defendant, we will be forced to file the attached Motion for Sanctions with the Court.

/s/ Patrick Dunn
Patrick Dunn
22 Goucher Wood Court
Towson, MD 21286
443-253-9669
oriolespkd@gmail.com

**Defendant Pro Se**

Patrick Dunn
28 Goucher Woods Ct.
Towson, MD 21286

Pro Se filing

conf call 1-24-18 2:00 P.M.
pe Judge Karas

United States District Court for the Southern District NY
Civil Clerk, Pro Se filing
500 Pearl Street
New York, New York, 10007

